IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARL EDWARD WILLIS                                                                    PLAINTIFF

        v.                    Civil No. 06-2069

FRANK ATKINSON, Sheriff, Sebastian
County, Arkansas; GUARD MOULDER,
GUARD JACOB FINK; GUARD RESTINE;
CORPORAL PAUL, Night Supervisor, Sebastian
County Detention Center; CAPTAIN CONGER,
Jail Administrator; LT. JACKSON, Assistant
Jail Administrator                                                                    DEFENDANTS

## ORDER

On September 12, 2006, the plaintiff filed a motion to amend his complaint, a motion to extend his time to respond to discovery requests, and a motion for jury trial (Doc. 17). In the motion to amend, plaintiff seeks to amend his complaint to claim nominal, compensatory, and punitive damages. The motion to amend is granted. The complaint will be considered to be amended to include a prayer for nominal, compensatory, and punitive damages.

The motion for an extension of time to respond to discovery requests is also granted. Plaintiff is given until **October 10, 2006,** to respond to the discovery requests. By order entered on July 27, 2006, the defendants were instructed to file a summary judgment motion by October 6, 2006. As defendants will no doubt need the discovery responses from plaintiff in order to file the summary judgment motion, defendants are given an extension of time until **November 3, 2006**, to file the summary judgment motion.

Finally, plaintiff requests that this action be tried to a jury. Rule 38 of the Federal Rules of Civil Procedure states that "[t]he right of trial by jury as declared by the Seventh Amendment

of the Constitutional or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). However, the right to jury trial is not automatic. A party must make a timely demand for a jury trial.

With respect to demands, Rule 38(b) provides as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed. R. Civ. P. 38(b). The failure to serve the demand in the time specified by Rule 38 constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d).

Rule 7(a) defines pleadings to include the complaint, the answer, and when applicable, any third-party complaints, answers, and answers to cross-claims. Fed. R. Civ. P. 7(a). Typically, the "last pleading directed to such issue" is the answer. *See e.g., Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, 239 F.3d 1000, 1002 (9th Cir. 2001). *See also Washington v. New York City Board of Estimate*, 709 F.2d 792, 797-98 (2d Cir. 1983)(requirements of Rule 38 apply with the same force to a pro se litigant as they do to counsel).

The answer in this case was filed on July 26, 2006 (Doc. 15). Plaintiff's motion for a jury trial was filed on September 12, 2006 (Doc. 17). The request is denied as untimely.

IT IS SO ORDERED this 15th day of September 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

2